**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | | |
|---|---|---|
| RICHARD LIGHTSEY and JESSICA COOK, | ) | CIVIL ACTION NUMBER: |
| | ) | 9:18-CV-190-BHH |
| Plaintiffs, | ) | (Jury Trial Demanded) |
| | ) | |
| v. | ) | |
| | ) | |
| TOSHIBA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION PURSUANT TO FED. R. CIV. P. 54(b) AND 28 U.S.C. §1292(b)
TO PURSUE IMMEDIATE REVIEW OR, IN THE ALTERNATIVE,
FOR SEQUENCED DISCOVERY**

Pursuant to this Court's March 4, 2019 Conference and Scheduling Order (ECF No. 36), on April 8, 2019 the parties jointly filed a proposed scheduling order and Local Rule 26.03 initial disclosures. Thus, after the initial Complaint filing on October 3, 2017 in the Court of Common Pleas for Hampton County, followed by removal to this Court, followed by briefing and consideration of a comprehensive Motion to Dismiss, this case is now poised to proceed with discovery on the merits. However, Defendant Toshiba Corporation now moves the Court to delay the next step in this litigation a bit longer.

Toshiba has requested three alternative forms of relief: 1) reconsideration of this Court's March 4, 2019 Order (ECF No. 35) denying Toshiba's motion to dismiss on the count of tortious interference with a contract; 2) certifying the Order for interlocutory appeal; or 3) "sequenced discovery," whereby Toshiba conducts discovery on the issue of the existence of a contract, while Plaintiffs are denied merits discovery on any other issue.

Toshiba fails to satisfy the clearly articulated requirements for the first two forms of relief.  As for the third, Toshiba already has the opportunity to conduct the discovery it desires. It simply wants to deny Plaintiffs the same right to commence discovery, but has presented no compelling reason the parties should be treated differently out of the starting gate. Toshiba's motion should be denied in its entirety.

### I.    Toshiba fails to satisfy the standard for reconsideration under Fed.R.Civ.P. 54(b).

While the Federal Rules do not expressly provide for motions for "reconsideration," federal courts have allowed review of judgments on some but not all claims under Fed.R.Civ.P. 54(b) using the following standard: "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Gardner v. Country Club, Inc.*, No. 4:13-cv-03399-BHH, 2015 WL 7783556, *8 (D.S.C. Dec. 3, 2015).  Toshiba does not argue that there has been an intervening change in the law or that new evidence has arisen, but rather that this Court made a "clear error of law."  (ECF No. 39-1 at 23). However, there is no question that this Court correctly articulated and applied the correct standard for ruling on a 12(b)(6) motion to dismiss.

As stated by the Court, to survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (ECF No. 35 at 4) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  After examining the complaint, the Court concluded that Toshiba's arguments regarding the existence of a contract "involve factual and legal questions that go far beyond the ambit of a 12(b)(6) motion."  (ECF No. 35 at 12).

2

Toshiba does not challenge the standard of review.  Indeed, it acknowledges that the Court's ruling was "reasonable based solely on the minimal allegations in the [First Amended Complaint] then before it."  (ECF No. 39-1 at 23).  Toshiba's actual argument is not that the Court made an error of law, but rather that additional *facts* need to be considered.  Toshiba's attempt to frame its argument in a way to satisfy the requirements for a motion for reconsideration must fail.

In support of its position, Toshiba attached several exhibits: "terms of service" between both SCE&G and Santee Cooper and their respective customers; a sampling of customer utility bills; and deposition testimony of Plaintiff Richard Lightsey given in another case.  The terms of service are, according to Toshiba, "comprehensive" as to services and billing.  (ECF 39-1 at 14).  However, the SCE&G terms of service also provide that "where a large or special investment in service facilities is necessary, or other special conditions exist, contracts may be written for . . . a facility charge . . . ."  (ECF 39-3 at 6, Paragraph H).  Similarly, the Santee Cooper terms of service provide that "[w]here a large or special investment in service facilities is necessary, . . . contracts for a longer term than specified in the rate schedule, or with a special guarantee of revenue, or both, may be required."   (ECF 39-4 at 8)  Therefore, the terms of service for both SCE&G customers and Santee Cooper customers plainly provide for additional terms covering new facilities, and include the requirement to pay for service not yet rendered but promised upon the completion of VC Summer Units 2 and 3.

Critical to Toshiba's argument is that the terms of service do not "so much as mention[] the construction of any nuclear power plant."  (ECF 39-1 at 7-8).   But on this issue, Toshiba's exhibits are conveniently selective.  For example, the Toshiba-supplied excerpts from the deposition of Mr. Lightsey include a reference to "inserts" in utility bills that were provided

"when the rates when up."  According to Mr. Lightsey, those inserts were "obvious and very easy to read."  (ECF No. 39-7 at 6).  But Toshiba does not include the content of those inserts. The insert clearly states that changes to the bill are "[i]n response to SCE&G's annual request for revised rates under the Base Load Review Act *for construction and operation of a nuclear facility at Jenkinsville, South Carolina."*  (Plaintiffs' Exhibit 1 to the deposition of Richard Lightsey, taken June 7, 2018 in *Lightsey v. SCE&G,* No. 2017-CP-25-335 (Hampton Co. Ct. Com. Pl.) (emphasis added) attached hereto at Exhibit A.

It is not Plaintiffs' burden here to present a full factual argument on the existence of the contracts, a subject that Plaintiffs *agree* is a proper subject for fact discovery.  But Toshiba should not be permitted to put forward an incomplete smattering of factual arguments in support of its claim that the Court made an error of law in the context of a 12(b)(6) motion.

Toshiba's cite to *Albemarle Corp. v. Astrazeneca UK Ltd*., No. 5:08-cv-1085, 2009 WL 10690496 (D.S.C. Sept. 9 2009) for the proposition that this Court has somehow applied "incorrect law" is particularly inapposite.  In *Albemarle* the court was grappling with the obscure issue of what country's law should apply in construing the mandatory or permissive nature of a forum selection clause, which the court acknowledged was "not widely addressed."  *Id*. at *2. Here, Toshiba does not really contend that the "wrong" law was applied, but instead argues that the facts do not satisfy the relatively well-established requirements of contract law.

A contract arises "from actual agreement of the parties manifested by words, oral or written, or by conduct."  *Stanley Smith & Sons v. Limestone College*, 322 S.E. 2d 474, 477 (S.C. 1984).  These are fact specific inquiries.  This Court was correct when it observed that the existence of a contract "involve[s] factual and legal questions *that go far beyond the ambit of a*

*12(b)(6) motion*."  (ECF No. 35 at 12) (emphasis added).  Because Toshiba fails to show any clear error of law by the Court, its motion for reconsideration should be denied.


**II.      Toshiba has not satisfied the standard for seeking interlocutory appeal.**

As Toshiba notes, the Court may, in its discretion*,*  certify an order for interlocutory appeal that "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The requirements of section 1292(b) "should be used sparingly" and "must be strictly construed."  *Gardner v. Country Club Inc.*, 2015 WL 7783556 D.S.C. (Dec. 3, 2015).

It is quite a stretch to argue that there is "substantial ground for difference of opinion" on the controlling law.  While the facts may lead to contrary interpretations, there is not significant disagreement on the controlling law.  The parties agree that, in order to prevail, Plaintiffs must establish the existence of a contract. The argument will be over whether Plaintiffs have established that after a *full factual record* is developed.  Indeed, it particularly disingenuous for Toshiba to argue on one hand that this Court made a "clear error of law" (in support of its argument for reconsideration) and on the other hand that this matter involves "at least one difficult and pivotal question of law not settled by controlling authority" (in support of immediate appeal).  (ECF No. 39-1 at 25).  As noted above, the requirement of section 1292(b) must be strictly construed.  Toshiba falls far short, and its request for discretionary certification for interlocutory appeal should be denied.

### III.    Toshiba is entitled to discovery on relevant topics; it should not deprive Plaintiffs of the same opportunity at the same time.

As a third alternative relief, Toshiba is asking for what it already has; the right to commence discovery on facts related to the existence of contract between Plaintiffs and their utility providers.  After the discovery, if the discovery warrants, Toshiba plans move for summary judgment on this issue.  But Toshiba is asking the Court to go further and stay all other discovery, effectively preventing Plaintiffs from necessary merits discovery related to the conduct of Toshiba.

Toshiba puts forth no compelling justification for the stay, other than stating that the parties could avoid "the more extensive and burdensome demands that immediate and encompassing domestic and extraterritorial discovery necessarily will entail."  (ECF No. 39-1 at 29)  But these are typical burdens of litigation; they do pose unusual circumstances or unfairly prejudice either party.

As to the suggestion by Toshiba that, while other discovery is stayed, the parties "can work cooperatively to secure necessary permission allowing further merits discovery under Japanese export control restrictions," that only supports the argument that the process should begin sooner rather than later.  The parties cannot resolve any potential restrictions without the benefit of knowing exactly what Plaintiffs are seeking and working together to refine or narrow the requests as may (or may not) be necessary.  This is certainly not an argument for *postponing* merits discovery put forth by Plaintiffs.

There is no dispute that this Court has discretion and authority to fashion the pace and scope of discovery.  Even so, the cases Toshiba cites in support of this proposition are significant in how they differ from this case in procedural posture.  For example, in *Collier v. Advanced*

6

*Field Services, Inc.,* 2007 WL 9735068 (D.S.C. Apr. 27, 2004) at \*7, the court deferred ruling on a *pending* motion to dismiss while allowing limited discovery.  In *Friends of DeReef Park v. Nat'l Park Serv.*, 2014 WL 6969680 (D.S.C. Dec. 9, 2014), at \*4, the court allowed limited discovery during a remand of the case to an administrative agency.   In this case, there is no motion to dismiss pending; Toshiba wishes to establish evidence to file a *new and different* motion -- one for summary judgment.  Nor is this Court waiting on a decision by another tribunal in order to proceed.

In terms of discovery, this case is at the starting gate.  Motions to dismiss have been disposed of and initial disclosures have been filed.  Both parties should be allowed to answer the starting gun.

## CONCLUSION

For the reasons stated, Toshiba's Motion should be denied in all respects.


Respectfully submitted,


April 15, 2019                    /s/ Jerry Hudson Evans_____
                                 Algernon Gibson Solomons, III, Esquire
                                 Daniel Alvah Speights, Esquire
                                 **SPEIGHTS & SOLOMONS, LLC**
                                 100 Oak Street
                                 P. O. Box 685
                                 Hampton, SC 29924
                                 Ph: (803) 943-4444
                                 Fx: (803) 943-4599
                                 gsolomons@speightsandsolomons.com
                                 dspeights@speightsandsolomons.com

                                 Terry E. Richardson, Jr., Esquire
                                 Jerry Hudson Evans, Esquire
                                 **RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC**
                                 P. O. Box 1368
                                 Barnwell, SC 29812
                                 Ph: (803) 541-7850
                                 Fx: (803) 541-9625
                                 trichardson@rpwb.com
                                 jevans@rpwb.com

                                 *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing ***Plaintiff's Response in Opposition to Defendant's Motion Pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. §1292(b) to Pursue Immediate Review or, in the Alternative, for Sequenced Discovery*** was served upon counsel of record via e-mail on this 15th day of April, 2019.

David B. Leland, Esquire
Paul M. Kerlin, Esquire
Paul A. Solomon, Esquire
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue N.W.
Washington, DC 20005-2111
Ph: (202) 371-7713
Fx: (202) 661-8257
david.leland@skadden.com
paul.kerlin@skadden.com
paul.solomon@skadden.com

~and~

Mark Hedderman Wall, Esquire
Thomas Brian Boger, Esquire
Elmore & Wall
P. O. Box 1200
Charleston, SC 29402
Ph: (843) 329-9500
Fx: (843) 329-9501
mark.wall@walltempleton.com
tommy.boger@walltempleton.com

***Attorneys for Defendant Toshiba Corporation***

/s/ Jerry Hudson Evans_____