IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Richard Lightsey and Jessica Cook, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 9:18-cv-190 |
| v. | ) | |
| | ) | **ORDER** |
| Toshiba Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant Toshiba Corporation's ("Toshiba" or "Defendant") motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1292(b) to pursue immediate review or, in the alternative, for sequenced discovery. On March 4, 2019, this Court entered an order granting in part and denying in part Toshiba's motion to dismiss pursuant to Rule 12(b)(6). Specifically, the Court granted Toshiba's motion as to Plaintiffs' claims for breach of contract and negligence but denied the motion as to Plaintiffs' claim for tortious interference with a contract. (ECF No. 35.) In essence, the Court found that Plaintiffs' complaint includes sufficient allegations to state a plausible claim for tortious interference with a contract and that Defendant's arguments went beyond the ambit of a Rule 12(b)(6) motion.

In the instant motion, Defendant asserts that the Court's denial of its motion to dismiss as to Plaintiffs' claim for tortious interference with a contract is a clear error of law and asks the Court to conclude as a matter of law that Plaintiffs have failed to plausibly allege the bedrock element of their surviving claim, namely, the existence of a contract for the construction of a nuclear power plant. In the alternative, Toshiba asks the Court to

certify an interlocutory appeal to address the issue.  In addition, Toshiba asks that if the Court does not certify an interlocutory appeal, that discovery be sequenced to prioritize a 60-to-90-day period of discovery solely regarding the existence of contracts for the construction of a nuclear plant between Plaintiffs and VC Summer Owners.

Plaintiffs oppose Defendant's motion and asserts that Toshiba is not entitled to the relief it seeks.  After review, the Court agrees with Plaintiffs.

First, the Court finds no basis to reconsider its prior ruling with respect to Plaintiffs' claim for tortious interference with a contract.  As the Court explained in its prior order, Plaintiffs' complaint alleges sufficient facts to allege a plausible claim for tortious interference with a contract, and Toshiba's arguments simply go beyond the ambit of a motion to dismiss.  The Court finds no clear error in its prior ruling and therefore denies Toshiba's motion to reconsider.

Next, with respect to Toshiba's request that the Court certify an immediate appeal of the issue, the Court finds that Toshiba has not satisfied the requirements of 28 U.S.C. § 1292(b), which permits a court in its discretion to certify an order for interlocutory appeal when it (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion and (3) when an immediate appeal of the order may materially advance the ultimate termination of the litigation.  Here, the Court finds no controlling question of law as to which there is substantial ground for difference of opinion, and the Court does not believe that an immediate appeal would materially advance the termination of the litigation.

Finally, the Court finds no need to order sequenced discovery solely regarding the existence of contracts between Plaintiffs and VC Summer Owners.  With respect to

discovery, this case is in its early stages.  The Court has determined that Plaintiffs' complaint alleges sufficient facts to state a plausible claim for relief, and the Court finds that the parties should be permitted to proceed with discovery at this time just as the parties would be permitted to proceed with discovery in any other civil action that survives a motion to dismiss.

Based on the foregoing, the Court denies Defendant's motion pursuant to Rule 54(b) and 28 U.S.C. § 1292(b), or in the alternative, for sequenced discovery (ECF No. 39).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

June 14, 2019
Charleston, South Carolina

3